**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| DAVID CASE, SHARON CASE, JAY D. SMITH, DANA SMITH, CHARLES NICHOLS, DIANE NICHOLS, LAURIE STITHEM, and KENNETH STITHEM, *each individually and on behalf of a class similarly situated*, | ) ) ) ) ) ) | |
| | ) | No. 9:12-cv-02804-DCN |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FRENCH QUARTER III LLC, RESORT FUNDING LLC, SOUTHWIND MANAGEMENT CORP., SOUTHWIND HOLDINGS INC., KEN TAYLOR, BRIAN TAYLOR, and SPINNAKER DEVELOPMENT CORP INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| DAVID CASE, SHARON CASE, JAY D. SMITH, DANA SMITH, CHARLES E. NICHOLS, DIANE E. NICHOLS, LAURIE STITHEM, KENNETH STITHEM, WILLARD D. MANN, and LA MAY MANN, *each individually and on behalf of a class similarly situated*, | ) ) ) ) ) ) ) ) | |
| | ) | No. 9:12-cv-02518-DCN |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER APPOINTING SPECIAL** |
| PLANTATION TITLE COMPANY INC, CHICAGO TITLE INSURANCE COMPANY, THE QUALEY LAW FIRM PA, and JOHN P. QUALEY, JR., | ) ) ) ) ) | **MASTER** |
| Defendants. | ) ) ) | |

1

On November 25, 2014, the court filed a notice of intent to appoint a special master and attached a proposed order.  The court instructed the parties to confer concerning the contents of the appointment order and submit a joint report to the court. The parties submitted a joint report to the court on Friday, December 5, 2014.  A copy of the joint report is attached hereto as Exhibit A.  The parties agreed on the contents of the proposed order; however, they wish to continue to work with the current mediator, Tom Wills, in their efforts to reach a settlement agreement and ask the court to retain the motion for class certification.  Accordingly, the parties are permitted to work with Tom Wills who will continue to facilitate settlement negotiations.  Further, the court will not refer the motion to for class certification to the special master.  Because the parties consented to the proposed order, there is no need to conduct a hearing on the matter.  It is hereby **ORDERED** as follows:

The court appoints **J. Rutledge Young, Jr.** pursuant to Federal Rule of Civil Procedure 53 to serve as a special master over all pre-trial matters and motions in this case, including all pending motions before this court, discovery matters, excluding the motion for class certification.

Rule 53(a)(1)(C) permits a district court to appoint a special master to address pretrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.  Further, beyond the provisions of Rule 53, district courts have the inherent power to appoint a special master for the administration of justice "when deemed by it essential."  Trull v. Dayco Products, LLC, 178 F. App'x 247, 251 (4th Cir. 2006) (citing United States v. Connecticut, 931 F.Supp. 974, 984 (D. Conn. 1996)).  The special master is "to proceed with all reasonable diligence."  Fed. R.

Civ. P. 53(b)(2). In the performance of his duties, the special master shall observe the Code of Conduct for United States Judges insofar as it applies to him. Code of Judicial Conduct for United States Judges, 69 F.R.D. 273, 286 (1975).

## I.   Duties of the Special Master

Pursuant to this order, the special master shall have all the powers set forth in Rule 53(c). He shall:  "(A) regulate all proceedings; (B) take all appropriate measures to perform the assigned duties fairly and efficiently; and (C) if conducting an evidentiary hearing, exercise the appointing court's power to compel, take, and record evidence." The parties shall provide the special master with copies of all motion papers and other documents relevant to this dispute. The special master shall review the briefs and declarations of the parties on the pending motions and hear oral argument. The special master shall then prepare and file a report on the recommended findings and rulings for each motion with this court. The procedure for review of the special master's recommendations is outlined below. The clerk will then enter the report or recommendation on the docket.

The special master shall supervise document discovery with respect to claims of confidentiality and privilege. When necessary, he shall make recommendations to the court regarding the determination of disputes that may arise in connection with privilege and confidentiality matters. For purposes of this review effort, the special master shall be deemed an officer of the court, such that his access will not give rise to a waiver of privilege claims.

## II.   Document Review Process

The special master may review all documents deemed necessary for adjudication of the matters before him. The parties will provide any assistance required or requested

by the special master to facilitate the review process including producing and arranging documents in a manner that will ease the burden of review. During the course of the review process, the special master and his designee(s) shall have access to all materials to which the parties have asserted privilege claims.

### III.   Ex Parte Communications

Rule 53(b)(2)(B) directs the court to set forth the circumstances in which the special master may communicate ex parte with the court or a party. The special master, without notice to the parties, may communicate ex parte with the court regarding logistics, the nature of his activities, management of the litigation, and other procedural matters. The special master may communicate ex parte with any party or their counsel, as the special master deems appropriate, for the purposes of ensuring the efficient administration and management and oversight of this case, and for the purpose of mediating or negotiating a resolution of any dispute related to the case. The special master shall not communicate to the court any substantive matter the special master learns during an ex parte communication between the special master and any party.

### IV.   Special Master Record

Rule 53(b)(2)(C) states that the court must define "the nature of the materials to be preserved and filed as a record of the [special master's] activities." The special master shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities. After reviewing the parties' documents and hearing oral arguments, the special master shall submit his reports or recommendations in writing, for filing on the case docket.

## V.  In Camera Review

The special master shall review in camera all disputed documents and information.  Counsel for the parties shall designate an attorney or attorneys to be available to the special master to answer any questions that the special master may have regarding these documents.  For purposes of this review effort, all such persons shall be deemed officers of the court, such that their access will not give rise to a waiver of any privilege or confidentiality claims.

Because this process is necessarily ex parte, all oral communications shall be recorded by a court reporter.  The defendants and plaintiffs shall be equally responsible for the court reporter's fees.  All transcripts shall be filed under seal.  The parties may submit written briefing to supplement the in camera review process if such briefing is requested by the special master or the court.  All such written submissions shall be filed under seal.

## VI.  Review of Special Master's Orders and Findings/Recommendations

Rule 53(b)(2)(D) directs the court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the [special master's] orders, findings, and recommendations."  The special master shall reduce any formal order, finding, report, ruling, or recommendation to writing and file it electronically on the case docket. Fed. R. Civ. P. 53(d).  The court must then give the parties notice and an opportunity to be heard after the master issues its order.  In reviewing the master's order, the court may receive evidence, and may "adopt or affirm, modify, wholly or partly reject or reverse or resubmit to the master with instructions."  Fed. R. Civ. P. 53(f)(1).

Any party objecting to a recommendation or order by the special master must notify the special master, the court, and all other interested parties of its intention to raise

5

an objection (by facsimile or electronic mail) within five business days after receiving the special master's written recommendation.  Thereafter, said objection must be raised with the court within twenty days of the receipt (by facsimile or electronic mail) of the special master's written recommendation or order.  If no party submits an intention to challenge the special master's written recommendation or order within five business days, the court may adopt the recommended ruling as its order on the disputed issue.  This five day period may be extended to ten calendar days by consent of the parties or application to special master when a party's lead or liaison counsel is unavailable due to a conflict (for example, but not limited to, trials and hearings) or other good cause.

The court will review all objections to any finding, report, or recommendation of the special master de novo.  Fed. R. Civ. P. 53(f)(3).  Further, the court will decide de novo all objections to conclusions of law made or recommended by the special master, as well as all objections to findings of fact made or recommended by the special master.  Fed. R. Civ. P. 53(f)(3), (4).  The court will set aside the special master's rulings on procedural matters only for abuse of discretion.  Fed. R. Civ. P. 53(f)(5).

### VII.   Compensation of Special Master

Rule 53(b)(2)(E) states that the court must set forth "the basis, terms and procedure for fixing the [special master's] compensation."  The special master shall be compensated at his current rate of $400.00 per hour, with defendants bearing 50% percent of the cost and plaintiffs bearing 50% of the cost.  The special master's fee is based on his experience, the complexity of this case, and his normal hourly rate.  The special master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this order or such other orders as the court may issue.  The court

6

has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay."  Fed. R. Civ. P. 53(a)(3).

In the event it shall be more economical for the special master to utilize other members of his firm for matters that do not require his particular attention, the firm shall be compensated at the rate of $275.00 per hour for associate attorneys and $125.00 per hour for legal assistants, with defendants bearing 50% percent of the cost and plaintiffs bearing 50% of the cost.

The special master shall maintain normal billing records of time spent on this matter with reasonably detailed descriptions of his activities.  Upon the court's request, the special master shall submit a written formal report of his activities for filing in these coordinated proceedings.

### VIII.   Nature of Materials to Be Preserved and Filed as Record of Master's Activities Pursuant to Fed. R. Civ. P. 53(b)(2)(C).

The special master shall preserve all materials which would be necessary for the court to make a de novo review of any decision, including:  materials reviewed by him in camera; the parties' arguments and submissions; any transcripts made in the course of his performance; and his time records, billings, and payments.

The special master shall file, under seal when appropriate, his decisions and his report of activities as stated in Section V and Section VIII.

### IX.   Term of Appointment

The appointment of the Special Master shall extend from the date of this order through the completion of this litigation.  The reappointment of the Special Master and the allocation of his fees among plaintiffs and defendant may hereafter be reviewed at the request of any party.

## X.   Affidavit

Rule 53(b)(3)(A) requires a special master to submit, before his appointment, an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455.  A copy of the special master's affidavit is attached to this order as Exhibit B.  The special master and the parties shall notify the court immediately if they become aware of potential grounds for disqualification.

## XI.   Conclusion

As outlined above, the court appoints J. Rutledge Young, Jr. to serve as special master in all pre-trial matters and motions, excluding the motion to certify class.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 9, 2014**
**Charleston, South Carolina**