IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| David Case, Sharon Case, Jay D. Smith, Dana Smith, Charles E. Nichols, Diane E. Nichols, Kenneth Stithem, Laurie Stithem, Willard Mann, and LaMay Mann, each individually and on behalf of a class similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>Plantation Title Company, Inc., *et al.*,<br><br>    Defendants. | Civil Action No. 9:12-CV-2518-DCN-BM |
| David Case, Sharon Case, Jay D. Smith, Dana Smith, Charles E. Nichols, Diane E. Nichols, Kenneth Stithem, and Laurie Stithem, each individually and on behalf of a class similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>French Quarter Group, III, LLC, *et al.*,<br><br>    Defendants. | Civil Action No. 9:12-CV-2804-DCN-BM |

**ORDER APPROVING DISTRIBUTION OF
CLASS SETTLEMENT PROCEEDS**

This matter is before the Court on the following motions:

1.  The parties' Joint Motion for Appointment of Class Representatives, Class

Counsel, Claims Administrator, Certification of Settlement Class, and Preliminary and

Final Approval of Class Notice and Class Settlement (hereinafter "Joint Motion for Class

Settlement"), David Case, et al. v. Plantation Title Company, Inc., et al, C/A No. 9:12-CV-2518, (the "Plantation Title Action"), Dkt. No. 270; David Case, et al. v. French Quarter Group III, LLC, et al., C/A No. 9:12-CV-2804, (the "French Quarter Action"), Dkt. No. 235; and

2.  Plaintiffs' Counsel's Motion for Approval of Attorney Fees, Case Costs, and Incentive Fees (hereinafter "Motion for Attorney Fees and Costs"), Plantation Title Action, Dkt. No. 272; French Quarter Action, Dkt. No. 236.

The Court has already entered a Final Fairness Order approving the Class Settlement in this matter. Plantation Title Action, Dkt. No. 292; French Quarter Action, Dkt. No. 253. Pursuant to the Conditional Class Action Settlement Agreement ("Settlement Agreement") and prior orders, the Court held a hearing on August 11, 2015 to determine any outstanding disputes regarding claim amounts and to issue a Final Distribution Order. No claimants have served or filed a request to have the Court review a disputed claim amount.

Pursuant to the Settlement Agreement, and assuming no appeal is taken, Defendants will pay a total of $4,129,640 to the Claims Administrator, Angeion Group, on or before September 25, 2015.[1] Those funds, comprising the Gross Settlement Fund, will be distributed as follows:

---

[1] The Settlement Agreement defines the "Effective Date" of the settlement to be the date that the Final Judgment becomes final, which is the date on which the time to seek appeal has expired (assuming there is no appeal). The Final Fairness Hearing Order, which also dismissed this matter with prejudice, was entered on July 27, 2015. The time for appeal of that Order runs out on August 27, 2015. Pursuant to the Settlement Agreement, Defendants then have 21 business days to pay their respective funds to the Claims Administrator. September 25, 2015 is 21 business days after August 27, 2015.

1.      Plaintiffs' Class Counsel Pierce, Herns, Sloan & Wilson, LLC, will receive $1,050,000 for attorney fees and $545,626.14 for litigation costs for a total of $1,595,626.14;

2.      Plaintiffs' Class Counsel The Culver Law Firm, PC, will receive $1,000,000 for attorney fees and $42,344.41 for litigation costs for a total of $1,042,344.41;

3.      Incentive Fee Payments of $750 each for Plaintiffs David Case, Sharon Case, Jay Smith, Dana Smith, Charles Nichols, Diane Nichols, Kenneth Stithem, Laurie Stithem, Willard Mann, and Le May Mann, and $500 each for former Plaintiffs Phillip Reed, Ed Rindfusz, Rose Rindfusz, Kim Goodwin, and Margie Goodwin for a total of $10,000;

4.      Claims Administrator fee paid to Angeion Group of $43,897.74;

5.      Payments to the Escrow Subclass as follows:

| Name | Spouse Name | Entitlement Amount |
|---|---|---|
| Dasima Bagby | Sherolyn Geneva Goetz (co-owner) | 6,051.17 |
| Jack Collier | Sharon Collier | 8,323.20 |
| James Hodges | Barbara Hodges | 10,527.06 |
| Jerry Elliott | Lois Elliott | 11,284.41 |
| Larry Newcomb | Ellen Newcomb | 5,293.82 |
| Lemuel Cox | Judy Cox | 7,497.70 |
| Lynn Goodman |  | 7,497.70 |
| Helen Griffin Carlberg |  | 5,890.45 |
| Sandy Champlin |  | 7,565.86 |

| Steve Murphy | Jennifer Murphy | 4,468.32 |
|---|---|---|
| Willard Mann | LaMay Mann | 5,983.01 |
| Joseph Marron, Jr. | | 5,983.01 |
| **TOTAL** | | **$      86,365.71** |

6. The remaining $1,351,406.24 will be distributed on a pro rata basis to the remaining claimants who 1) did not elect to receive a timeshare unit, and 2) who are not in the Escrow Subclass.[2] Those claimants have filed claims totaling $9,396,044.94. Accordingly, the pro rata percentage of the payments to the main Settlement Class is 14.38%.

7. If there is any balance remaining in the Net Settlement Fund (whether by reason of unclaimed funds, tax refunds, uncashed checks, or otherwise), at a date 180 days from the date on which the Court enters a Distribution Order, then the Claims Administrator will, upon approval of the Court, distribute that balance evenly to current and former class representatives, in a manner consistent with the Settlement Agreement.

---

[2] Helen Griffin Carlberg, who is a member of the Escrow Subclass, is also a member of the main Settlement Class to the extent that she paid funds directly to French Quarter. She will receive $5,890.45 as an Escrow Subclass Member, and her pro rata share of funds paid directly to French Quarter.

4

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 11, 2015**
**Charleston, South Carolina**